UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ASHLEY M. CONCEPCION, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-00744 |
| AFFILIATE ASSET SOLUTIONS, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ashley M. Concepcion ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Affiliate Asset Solutions, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392, *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant maintains significant business contacts in the Western District of Texas, and a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Texas.

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a.

5.   Defendant is a debt collection agency with its headquarters located at 145 Technology Pkwy, Suite 100, Peachtree Corners, Georgia 30092. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6.   In June 2021, Defendant began placing collection calls to Plaintiff's cellular telephone number (305) XXX-7047 attempting to collect on an unknown consumer debt ("subject debt") that Defendant claims Plaintiff owes.

7.   Defendant refused to verify its identity to Plaintiff and insisted that Plaintiff's phone number would be removed from its call list.

8.   At no time did Defendant send Plaintiff a validation letter pursuant to §1692g.

9.   Subsequently thereafter, Plaintiff added her cellular phone number to the National Do Not Call Registry to avoid further calls.

10. Despite Defendant's acknowledgment of Plaintiff's cease request, Defendant continued to place collection calls to Plaintiff's cellular phone without her prior consent.

11. Plaintiff answered Defendant's calls on at least 3 separate occasions and informed Defendant to stop contacting her on her cellular phone and to send validation regarding the subject debt

12. On numerous occasions Defendant's representatives would harass Plaintiff by answering her calls and immediately disconnecting the line.

2

13. Specifically, on August 18, 2021, Plaintiff answered *another* call from Defendant, a representative of Defendant requested Plaintiff to provide her information. Plaintiff requested Defendant to provide validation regarding the subject debt. However, Defendant's representative disconnected the call.

14. Notwithstanding Plaintiff's repeated requests for Defendant to stop calling her, Defendant placed numerous harassing phone calls to Plaintiff's cellular between June 2021 and the present day.

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably be expected to harass.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing collection efforts.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration,

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d(5),  f, and g through its unlawful debt collection practices.

#### a.  Violations of FDCPA § 1692c

24. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

25. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

26. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to her.

### b.   Violations of  FDCPA § 1692d

27. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

28. Moreover, Defendant's tactic of disconnecting calls on Plaintiff is harassing on its face.

29. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

### c.   Violations of  FDCPA § 1692f

30. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Plaintiff had already notified Defendant on multiple occasions to validate the subject debt and to cease calling her cellular phone. However, Defendant continued to call Plaintiff without her consent. Defendant's unconscionable behavior was done in an effort to dragoon Plaintiff into paying the subject debt. Defendant knew that it did not provide proper notification via mail within five days of its initial communication with Plaintiff.

### d.   Violations of FDCPA § 1692g

31. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

32. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

33. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, ASHLEY M. CONCEPCION respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 391.302

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA when it called Plaintiff repeatedly despite her requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the

harassing behavior and ultimately make a payment on the subject debt. Moreover, Defendant's tactic of disconnecting calls on Plaintiff is harassing on its face.

**WHEREFORE**, ASHLEY M. CONCEPCION respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Entitle Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 26, 2021                  Respectfully Submitted,

                                       /s/ Marwan R. Daher
                                       /s/ Omar T. Sulaiman
                                       Marwan R. Daher, Esq.
                                       Omar T. Sulaiman, Esq.
                                       Sulaiman Law Group, Ltd.
                                       2500 South Highland Avenue, Suite 200
                                       Lombard, IL 60148
                                       Telephone: (630) 575-8181
                                       mdaher@sulaimanlaw.com
                                       osulaiman@sulaimanlaw.com
                                       *Counsel for Plaintiff*